IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDON BROOKS, #B-86580,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 15-cv-01060-SMY |
| | ) |
| **I.D.O.C. DIRECTOR,** | ) |
| **WARDEN DUNCAN,** | ) |
| **ORANGE CRUSH TACTICAL TEAM,** | ) |
| **JOHN DOE 1 and JOHN DOE 2,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brandon Brooks is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Proceeding *pro se*, Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 for the alleged deprivation of his constitutional rights during a strip search conducted by the Orange Crush Tactical Team at Lawrence Correctional Center in July 2014. (Doc. 1, pp. 6-7). The defendants include the Director of the Illinois Department of Corrections, Warden Duncan, the Orange Crush Tactical Team, John Doe #1 ("Ed"), and John Doe #2. (*Id.* at 1). Plaintiff seeks monetary damages and injunctive relief. (*Id.* at 8).

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## Background

Sometime around July 9, 2014, Plaintiff's housing unit at Lawrence was searched by the Orange Crush Tactical Team. (*Id.* at 6). The tactical team "stormed" the unit wearing full prison riot gear. Using wooden batons, they banged on walls, tables, and doors and yelled, "[G]et asshole naked fuckers." (*Id.*).

When two officers approached Plaintiff's cell and repeated the order, Plaintiff and his cellmate disrobed. They were then ordered to "bend over, spread [their] buttocks, [and] lift [their] upper and lower . . . lips." (*Id.*) When Plaintiff asked if he could wash his hands first, an officer told him to "shut the fuck up [and] put [his] clothes on." (*Id.*). Officers (including one female) and other inmates observed the strip search. Plaintiff was very humiliated.

The inmates were then ordered to get dressed, but they were not permitted to put on underwear. They were placed in tightly bound handcuffs and ordered to step out of their cells with their heads down. The officers screamed and spit in the inmates' faces as they gave these orders. As Plaintiff stepped out of his cell, he could see other inmates on the ground being beaten by officers.

The inmates were "violently" escorted to the kitchen. (*Id.*). Once there, they were forced to sit with their hands cuffed behind their backs and their heads down on the table for approximately three hours. During this time, Plaintiff asked several officers if he could use the restroom, but his requests were denied.

When Plaintiff was finally escorted back to his cell, an unknown officer ("John Doe #1" a/k/a "Ed") grabbed the back of his head and, without warning, slammed it violently forward. Plaintiff's eye hit the shoulder of an inmate who was walking in front of him, causing Plaintiff to sustain a black eye. When Plaintiff cried out with a nervous laugh, an officer said, "Ed, he's

laughing at you." (*Id*. at 6-7). At that, the two officers surrounded Plaintiff and taunted him, poked him with a wooden baton, and pushed him. Plaintiff fell over another inmate and urinated on himself. (*Id*. at 7).

Once back in his cell, Plaintiff noticed that a blood clot had formed in his eye. He repeatedly asked for medical attention, but his requests were denied. This includes requests he submitted in writing and those he made directly to a nurse.

Plaintiff wrote several grievances to complain about the strip search and the denial of medical care. Counselor Horton responded to only one. He simply stated that "[i]nstitutional shakedowns are run by Administrative Rules." (*Id*.).

In connection with these events, Plaintiff now seeks monetary damages. He also seeks a prison transfer from Lawrence[1] to Shawnee or another medium security prison in Southern Illinois. (*Id*. at 7-8).

## Discussion

The Court will begin with a preliminary note concerning the handling of Orange Crush cases in the Southern District of Illinois. Plaintiff's complaint closely tracks the pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, which was filed in this Court on March 19, 2015. The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of himself and a class of prisoners who were subjected to similar strip searches while incarcerated at Lawrence and three other Illinois prisons during 2014. Should the *Ross* class be certified, Plaintiff would likely be a member of the class. Due to the similarities between the two cases and the need to consolidate judicial resources, Plaintiff's case was transferred to the undersigned judge.

---

[1] Plaintiff was not incarcerated at Lawrence on the date he filed this action. He was housed at Big Muddy. It appears that he transferred from Lawrence sometime after he prepared the complaint in May 2015 and filed it in late September 2015. For this reason, his request for a prison transfer is likely **MOOT**.

With that point out of the way, the Court will evaluate Plaintiff's complaint pursuant to § 1915A. In his complaint, Plaintiff lists five discrete causes of action, which are set forth below:

**COUNT 1:** Eighth Amendment claim against all Defendants for inflicting unnecessary physical and emotional pain and suffering upon Plaintiff during the strip search and related actions;

**COUNT 2:** Conspiracy under 42 U.S.C. § 1983, in that Defendants agreed to deprive Plaintiff of his constitutional rights and protect one another from liability;

**COUNT 3:** Eighth Amendment claim for failure to intervene to prevent the violation of Plaintiff's constitutional rights;

**COUNT 4:** Violation of the Prison Rape Elimination Act, 42 U.S.C. § 15607; and

**COUNT 5:** Illinois state law claim for intentional infliction of emotional distress.

Given the similarity between Plaintiff's complaint and the complaint in *Ross*, the fact that the complaint in *Ross* was permitted through screening, and the fact that a motion to dismiss is pending in *Ross* but not yet decided, the Court is of the opinion that the above counts cannot be dismissed at this time. The complaint will be allowed to proceed. However, the Court stresses that the defendants are not precluded from moving to dismiss the complaint or portions of it for the reasons articulated in the *Ross* motion to dismiss, or for any other reasons.

One final note concerning the unknown parties, including John Doe #1 ("Ed"), John Doe #2, and the Orange Crush Tactical Team: these individuals must be identified with particularity before service of the complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth*

*Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge.  Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) shall proceed through screening.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 3) is hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

**IT IS ALSO ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**.

The Clerk of Court shall prepare for Defendants **IDOC DIRECTOR** and **WARDEN DUNCAN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Party defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution.  It is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a decision on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 13, 2015**

                                                  s/ STACI M. YANDLE
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**